```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| MARIAM VARDANYAN, | No. 24-cv-10393 (MEF)(MAH) |
| *Plaintiff*, | |
| v. | **OPINION and ORDER** |
| CECILIA JORDAN, | |
| *Defendant*. | |

\* \* \*

For the purposes of this brief Opinion and Order, the Court assumes familiarity with the allegations and procedural history of this case.

\* \* \*

The Plaintiff[1] has sued under the Administrative Procedure Act, see 5 U.S.C. § 706(2)(A), to challenge the alleged decision of the Defendant[2] to deny her application for an adjustment of status under 8 U.S.C. § 1255(a). See Complaint (ECF 1) ¶¶ 1, 4.

The Defendant now moves to dismiss, including on the ground that this Court lacks jurisdiction. See Motion to Dismiss (ECF 8) at 1-2.

The motion is granted.

\* \* \*

---

[1] Mariam Vardanyan.

[2] Cecilia Jordan, sued as the Director of the Newark Field Office of the United States Citizenship and Immigration Services.

The Plaintiff has the burden of invoking this Court's jurisdiction.  See, e.g., Boyer v. Snap-on Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990).  She has not carried that burden here.

The Administrative Procedure Act does not kick in when another "statute[] preclude[s] judicial review."  5 U.S.C. § 701(a)(1).

Here, one does.

That statute is Section 1252(a)(2)(B)(i) of Title 8, and it strips this Court of jurisdiction over the Plaintiff's claim.

As to this point, the D.C. Circuit's reasoning is persuasive. See Abuzeid v. Mayorkas, 62 F.4th 578, 583-84 (D.C. Cir. 2023). And the D.C. Circuit's approach is consistent with (a) the Second Circuit's, see Xia v. Bondi, 137 F.4th 85, 91 (2d Cir. 2025); (b) the Fifth's, see Momin v. Jaddou, 113 F.4th 552, 558 (5th Cir. 2024); (c) the Sixth's, see Hatchet v. Andrade, 106 F.4th 574, 580-81 (6th Cir. 2024); (d) the Seventh's, see Britkovyy v. Mayorkas, 60 F.4th 1024, 1028 (7th Cir. 2023); (e) the Ninth's, Nakka v. U.S. Citizenship & Immigr. Servs., 111 F.4th 995, 1012-15 (9th Cir. 2024); and (f) the Eleventh's, see Doe v. Sec'y, U.S. Dep't. of Homeland Sec., 2023 WL 2564856, at *2 (11th Cir. Mar. 20, 2023).

This Court's duty is to interpret statutes according to their plain-text meaning.  See Van Buren v. United States, 593 U.S. 374, 381 (2021).

The Court has recently taken a plain-text approach to a different "jurisdiction-stripping" portion of the Immigration and Nationality Act --- and concluded that the statute does not in fact strip jurisdiction.  See Khalil v. Joyce, 2025 WL 1232369, at *13-15 (D.N.J. Apr. 29, 2025); accord Ozturk v. Hyde, 136 F.4th 382, 401 (2d Cir. 2025); Suri v. Trump, 2025 WL 1806692, at *8-9 (4th Cir. 2025).

The method here is the same.  But the words Congress has chosen are different --- and that generates a different result.  For the reasons laid out by the D.C. Circuit, a plain-text approach to this "jurisdiction-stripping" portion of the Immigration and Nationality Act, Section 1252(a)(2)(B)(i), leads to the conclusion that the statute does, in fact, take away jurisdiction over adjustment-of-status claims like the Plaintiff's.

*   *   *

The Plaintiff's main counterargument is that things have changed because courts no longer defer to agency regulations in the same way they once did. See Opposition Brief at 5-6 (ECF 17) (invoking Loper Bright Enters. v. Raimondo, 603 U.S. 369 (2024), which overruled Chevron U.S.A. Inc. v. Nat. Res. Def. Council, Inc., 467 U.S. 837 (1984)).

But that speaks to how to think through agency regulations (a merits question), not to whether this Court is the body empowered to do the thinking in the first place (the jurisdictional question, which comes before all others, see Khalil v. Joyce, 777 F. Supp. 3d 369, 385 (D.N.J. 2025)).

\*   \*   \*

The motion to dismiss for lack of subject-matter jurisdiction is granted.

\*   \*   \*

IT IS on this 6th day of August, 2025, so **ORDERED**.

_____
Michael E. Farbiarz, U.S.D.J.

3